Upon review of the record and briefs and after oral arguments of the parties, the Full Commission finds as follows:
1. Defendant is moving for an order to enforce a handwritten agreement signed by the plaintiff and all parties at a mediation conference.
2. The handwritten agreement reads as follows (signatures omitted):
 "Agreement: The parties pursuant to a mediation conference held on Feb. 28, 1995, in Asheville, have agreed to settle this case on the following basis:
a) $125,000 lump sum
b) Payment of meds to date of this agreement
c) Defendants payment of mediation expenses incurred today
 d) Defendants agree to cooperate in the wording of the agreement so as to attempt to protect plaintiff's other income."
3. After signing this memorandum of agreement, plaintiff determined that this agreement was not in his best interest after confirmation of the amount of set off that would be claimed by his long term disability carrier. Defendant is moving for an Order to enforce the language set forth in number 2 above, as a Compromise Settlement Agreement.
***********
Based upon the foregoing findings of fact, the Full Commission conclude as a matter of law that this memorandum of agreement is not enforceable as a Compromise Settlement Agreement under I.C. Rule 502.
IT IS THEREFORE ORDERED that defendant's motion is DENIED.
IT IS FURTHER ORDERED that this case is REINSTATED to the active hearing docket to be heard in Asheville in due course.
This is the 5th day of March 1996.
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ LAURA K. MAVRETIC COMMISSIONER
S/_____________ J. RANDOLPH WARD COMMISSIONER
BSB:md